# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NORTH DAKOTA

| | | |
|---|---|---|
| Clarine Plenty Chief Linseth, in her capacity as Personal Representatve of the Estate of Mary Jo Packineau-Hale, | ) ) ) | **ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S** |
| Plaintiff, | ) ) | **MOTION TO COMPEL** |
| vs. | ) ) ) | Case No. 1:21-cv-173 |
| Lenora Sustayta, | ) ) | |
| Defendant. | ) | |

Before court the court is a Motion to Compel filed by Plaintiff on September 14, 2022. For the reasons that follow, the motion is granted in part and denied in part.

## I.   BACKGROUND

The following facts are either uncontested or are assumed to be true for the purposes of this order.

Defendant Lenora Sustayta ("Sustayta") and Plaintiff Clarine Plenty Chief Linseth (nka Clarine Plenty Chief Lockwood) ("Lockwood") are daughters of Mary Jo Packineau ("Packineau"). (Doc No. 42, ¶¶ 1, 3). Sustayta signed an acceptance of power of attorney for Packineau on April 11, 2014. (Id. at ¶ 5). Lockwood was appointed as the Personal Representative of Packineau's estate by the state and tribal courts following Packineau's passing in February 2022.   (Id. at ¶¶ 1, 11).

Lockwood, in her capacity as the Personal Representative of Packineau's estate, filed suit against Sustayta.  She asserted nine causes of action: (1) breach of fiduciary duty; (2) conversion;(3) civil theft; (4) fraud; and (5) deceit; (6) civil remedy for financial exploitation of a vulnerable adult under N.D.C.C. § 50-25.2-11.1;  (7) undue influence;  (8) accounting; and (9) injunctive relief.  (Id.

at ¶¶ 15-47).  She alleged that, in the years preceding and the months following Packineau's death, Sustayta used her power of attorney to access and convert nearly all of the money in Packineau's bank accounts for her own use and benefit. (Id. at ¶¶ 9-14)    On February 25, 2022, Lockwood served Sustayta with 22 interrogatories and 13 requests for production of documents. (Doc. Nos. 52, 52-1). On March 30, 2022, she received Sustayta's responses.  (Doc. No. 52-2).

Lockwood took issue with the sufficiency of Sustayta's responses to her discovery requests. The parties conferred by email and telephone in an effort to resolve their differences without court involvement and apparently agreed that Sustayta would supplement her discovery responses by late July 2022.

On September 5, 2022, Lockwood contacted the court to request a status conference as she had yet to receive Sustayta's supplemental responses to her discovery requests.

On September 6, 2022, the court held a status conference with the parties and, after it became apparent that the parties would be unable to resolve their differences, authorized Lockwood to file a Motion to Compel.

On September 14, 2022, Lockwood filed a Motion to Compel.  (Doc No. 50).  Therein she asserted that Sustayta had  failed to supplement her answers to seven of her interrogatories as agreed upon by the parties prior to defense counsel's withdrawal.  She further asserted that Sustayta as failed to produce any documents in response to her requests for production.  She requested that the court order Sustayta to provide discovery and to impose sanctions.

More than 53 days have lapsed since Lockwood filed her motion and Sustayta has yet to file a response.

II.    **APPLICABLE LAW**

A.    **D.N.D. Civil Local Rule 7.1**

This court's local rules provide that adverse party has 14 days after of a nondispositive motion and supporting memorandum in which to file a response.  D.N.D. Civ. L.R. 7.1 (B).  They further provide that "[a]n adverse party's failure to serve and file a response to a motion may be deemed an admission that the motion is well taken."  D.N.D. Civ. L.R. 7.1(F).

B.    **Rules Regarding Discovery**

Rule 37 of the Federal Rules of Civil Procedure authorizes motions to compel discovery. See Fed. R. Civ. P. 37 (a)(1) ("On notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery.").  Rule 26(b)(1) of the Federal Rules of Civil Procedure defines the scope of permissible discovery as follows:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. Pro. 26(b)(1).

"The scope of discovery under Rule 26(b) is extremely broad." Gowan v. Mid Century Ins. Co., 309 F.R.D. 503, 508 (D.S.D. 2015) (citing 8 Charles A. Wright & Arthur R. Miller, Federal Practice & Procedure §§ 2007, 3637 (1970)). "The reason for the broad scope of discovery is that '[m]utual knowledge of all the relevant facts gathered by both parties is essential to proper litigation. To that end, either party may compel the other to disgorge whatever facts he has in his possession.'" 8 Wright & Miller, § 2007, 39 (quoting Hickman v. Taylor, 329 U.S. 495, 507–08 (1947)).

3

"Discoverable information itself need not be admissible at trial; rather, the defining question is whether it is within the scope of discovery." Colonial Funding Network, Inc. v. Genuine Builders, Inc., 326 F.R.D. 206, 211 (citing Fed. R. Civ. P. 26(b)(1)). After the proponent makes a threshold showing of relevance, the party opposing a motion to compel has the burden of showing its objections are valid by providing specific explanations or factual support as to how each discovery request is improper.  Jo Ann Howard & Assocs., P.C. v. Cassity, 303 F.R.D. 539, 542 (E.D. Mo 2014) (citing Hofer v. Mack Trucks, Inc., 981 F.2d 377, 380 (8th Cir. 1992), and St. Paul Reinsurance Co. V. Commercial Fin. Corp., 198 F.R.D. 508, 511-12 (N.D. Iowa 2000)).  "The party must demonstrate that the requested documents either do not come within the broad scope of relevance defined pursuant to Rule 26(b)(1) or else are of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosures." Id. (quoted case omitted).  Relevancy in this context "has been construed broadly to encompass any matter that bears on, or that reasonably could lead to another matter that could bear on, any issue that is or may be in the case." Jo Ann Howard & Assocs., P.C. v. Cassity, 303 F.R.D. 539, 542 (E.D. Mo 2014) (citation and quotation omitted); Klein v. Affiliated Grp., Inc., No. 18-CV-949 DWF/ECW, 2019 WL 1307884, at *2 (D. Minn. Mar. 22, 2019).

III.   **DISCUSSION**

    A.   **Application of the this court's local rules**

Sustayta is now proceeding pro se.  "[P]ro se litigants are not excused from compliance with relevant rules of the procedural and substantive law." Schooley v. Kennedy, 712 F.2d 372, 373 (8th Cir. 1983); see also Soliman v. Johanns, 412 F.3d 920, 922 (8th Cir. 2005) ("Even pro se litigants must comply with court rules and directives.").  "A pro se litigant should receive meaningful notice

of what is required of [her] but the court is not required or permitted to act as counsel for any party."
Schooley, 712 F.2d at 373.  Thus, while Sustayta is proceeding pro se, she is not excused from complying with the procedural and substantive rules as they are equally applicable to all litigants.

Lockwood filed a Certificate of Service simultaneously with her Motion to Compel on September 14, 2022.  (Doc. No. 53).  Therein she certifies that she served Sustayta with copies of her motion, memorandum in support, counsel's declaration, and exhibits in accordance with Rule 4 of the Federal Rules of Civil Procedure.  Approximately 53 days have since passed and Sustayta has yet to file a response.  Under this court's local rules, with which Sustayta is required to comply, her deadline file responding has now lapsed and her silence is deemed an admission that the Lockwood's motion is well taken.  In spite of this admission, the court will address the substance of Lockwood's discovery requests and Sustayta's objections to them.

### B.    Discovery Requests at Issue

Below are Lockwood' interrogatories and requests for production along with Sustayta's responses to them that are at issue.

INTERROGATORY NO. 4: Please identify all gifts and donations Mary Jo Packineau gave to you from April 11, 2014, to the present. For each gift or donation, please identify the date(s) of the gift or donation and the value of the gift or donation given.

ANSWER: This interrogatory and/or request is objected to because it is overly broad and burdensome and not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. This interrogatory is further objected to under Rules 9(b) and 26(b)(1) of the Federal Rules of Civil Procedure. Under Fed. R. Civ. P. 9(b), "in alleging fraud ... , a party must state with particularity the circumstances constituting fraud or mistake."  As the Eighth Circuit explained in *Parnes v. Gateway 2000, Inc.*, to comply with Rule 9(b), "circumstances include such matters as the time, place, and contents of the false

representation, as well as the identify of the person making the misrepresentation in what was obtained or given up thereby ... conclusory allegations that a defendant's conduct was fraudulent and deceptive are not sufficient to satisfy the Rule." 122 F.3d 539, 549 (8th Cir. 1997) (internal citations omitted). Rule 9(b) does not apply just to the cause of action known as "fraud," but instead applies to "averments of fraud." *See Borsellino v. Goldman Sachs Group, Inc.*, 477 F.3d 502, 507 (7th Cir. 2007) ("Rule 9(b) applies to 'averments of fraud,' not claims of fraud, so whether the rule applies will depend on the plaintiffs' factual allegations. A claim that 'sounds in fraud' - in other words, one that is premised upon a course of fraudulent conduct - can implicate Rule 9(b)'s heightened pleading requirements.") (citation cleaned up).

Here, Plaintiff's claims are clearly "premised upon a course of fraudulent conduct"and must therefore satisfy the heightened pleading standard of Rule 9(b). Plaintiff's Complaint, however, fails to include the specific circumstances of the alleged fraudulent scheme such as time, place, and method of the scheme, among other things. Furthermore, when Plaintiff was asked for basic details of this supposed scheme, Plaintiff and her attorneys **actually admit that they have no evidence of such a scheme**. Instead of acquiring evidence of wrongdoing, and commencing a lawsuit based on that evidence, they started a lawsuit with the hope and desire to acquire evidence of a fraudulent scheme. The scope of discovery is broad, but it is not so broad that it should be allowed "so as to allow fishing expeditions in discovery." *Hofer v. Mack Trucks, Inc.*, 981 F.2d 377, 380 (8th Cir. 1992). *See also* Fed. R. Civ. P. 26(b)(l) Advisory Committee's Note (2000 Amendment). Rule 26 "signals to the court that it has the authority to confine discovery to the claims and defenses asserted in the pleadings, and signals to the parties that they have no entitlement to discovery to develop new claims or defenses that are not already identified in the pleadings." Under Rules 9(b) and 26(6)(I), the Plaintiff should only allege claims for which she has evidentiary support and discovery should be limited to those claims. The purpose of a lawsuit and discovery is not to uncover evidence of a possible claim. Instead, the purpose is to seek redress for actual claims and then obtain evidence to either corroborate or refute those claims. *See, e.g., Venneman v. BMW Fin. Servs. NA, LLC*, 2:09-CV-5672-ES-SCM, 2013 WL 3188878, at *3 (D.N.J. June 21 , 2013) ("the sole purpose of discovery is to add flesh for trial on the parties' respective claims and defenses in the given action."); *see also Franklin v. United States*, No. 12-1167 KBM/LFG, 2013 WL 11336864, at *2 (D.N.M. Aug. 28, 2013) (Under Rule 26, "discovery would no longer be used to troll for new claims or causes of action" and discovery must be "relevant to the specific claims and defenses before the court."). By Plaintiffs own admission, and the admission of her attorneys, they commenced a lawsuit to obtain evidence of a supposed fraudulent scheme by Lenora. In other words, Plaintiff has gone on a "fishing trip" via this suit and these discovery requests. This is clearly an impermissible use of a lawsuit and discovery. Therefore, this Interrogatory is objected to under Rules 9(b) and 26(b)(1) of the Federal Rules of Civil Procedure.

* * *

<u>INTERROGATORY NO. 7</u>: Please identify all transactions from the Capital Credit Union Accounts, produced in Plaintiff's Rule 26(a)(1) disclosure as Linseth 1-995, for which you received the benefit.

**ANSWER:** See Objection to Interrogatory No. 4.

<u>INTERROGATORY NO. 8</u>: Please identify all transactions from the Capital Credit Union Accounts, produced in Plaintiff's Rule 26(a)(1) disclosures as Linseth 1-995, for which you received the benefit.

**ANSWER:** See Objection to Interrogatory No. 4.

* * *

<u>INTERROGATORY NO. 10</u>: Please identify all evidence that you contend rebuts the presumption of undue influence associated with any gift or donation for which you received the benefit.

**ANSWER:** This interrogatory and/or is objected to on the basis that it is overly broad and burdensome and excessively vague. It is further objected to as an improper and/or premature contention interrogatory. Contention interrogatories generally ask another party "to indicate what it contends, to state all facts on which it bases its contentions, to state all evidence on which it bases its contentions, or to explain how the law applies to the facts." *In re Grand Casinos, Inc. Sec. Litigation*, 181 F .R.D. 615, 618 (D. Minn. 1998) (quoting *McCarthy v. Paine Webber Group, Inc.*, 168 F.R.D. 448, 450 (D. Conn. 1996)). Such contention interrogatories are consistently found to be overly broad and unduly burdensome on their face if they seek "all facts" or "all documents" supporting a claim or defense. *See, e.g., Moses v. Halstead*, 236 F.R.D. 667, 674 (D. Kan. 2006); *Turner v. Moen Steel Erection, Inc.*, No. 8:06CV227, 2006 WL 3392206 , at *4 (D. Neb. Oct. 5, 2006); *Luna v. Del Monte Fresh Produce (Southeast), Inc.*, No. l:06CV2000, 2007 WL 1500269, at *8 (N.D. Ga. May 18, 2007). A party serving contention interrogatories early in the discovery period, before substantial documentary or testimonial discovery has been completed, bears the burden to establish the necessity of obtaining an early response. Fischer and Porter Co. v. Tolson, 143 F.R.D 93, 96 (E.D. Pa. 1992). This is especially true of interrogatories involving mixed questions of law and fact. *See, e.g., Everett v. USAir Group. Inc.*, 165 F.R.D. 1, 3 (D.D.C. 1995) (citing *In re Convergent Technologies*, 108 F.R.D at 336). Because Defendants have made no such showing of necessity, such are objected to. *Compare, Shgeirat v. U.S. Airways Group. Inc.*, Civil No. 07-1513 (ADM/AJB), 2008 WL 4232018 (D. Minn. Sept. 9, 2008) (denying motion to compel further discovery responses in part because movant would have the opportunity to make inquiry into the factual basis of the opposing party's contentions through depositions).

* * *

INTERROGATORY NO. 15: State sources of income you were receiving in the ten (10) years preceding this interrogatory and state the amount of income you received per month from each said source.

**ANSWER:** This interrogatory is objected to because it does not seek information relevant to any party's claim or defense and the burden and expenses is outweighed by any benefit (i.e. zero).

INTERROGATORY NO. 16: State the source of money, whether or not classified as income, that you were receiving in the ten (10) years preceding this interrogatory and state the amount of money you received per month from each said source.

**ANSWER:** See Objection to Interrogatory No. 4 and 15.

INTERROGATORY NO. 17: Please identify the ten largest financial gifts or donations that you received from Mary Jo Packineau in the ten (10) years preceding this interrogatory.

**ANSWER**: See Objection to Interrogatory No. 4.

* * *

REQUEST NO. 1: Please produce all documents, reports and statements whether written, oral or recorded, whether transcribed or not, referred to in your answers to the preceding interrogatories.

**RESPONSE:** None / not applicable.

REQUEST NO. 2: Consider this a request for production of copies of all written documents associated ·with any checking and savings accounts, money market accounts, the contents of any safety deposit boxes, stocks, bonds, mortgages, deeds or other assets held by you or in your name, jointly or individually, from April 1 1, 2014 to the present.

**RESPONSE:** This request is objected to on the basis that it is overly broad, burdensome, excessively vague and is not sufficiently specific under Rule 34. It is further objected to on the basis that it seeks irrelevant information and documents ( e.g. of what relevance is it if Defendant owned stocks in 2015 ?). Also see objection to Interrogatory No. 4.

REQUEST NO. 3: Consider this a request for production of copies of all

8

credit card statements from April 1 1, 2014 to the present.

**RESPONSE:** See objection to Interrogatory No. 4.

REQUEST NO. 4: Consider this a request for production of copies of your complete federal and state tax returns, whether filing individually or jointly, and supporting documents from April 12, 2014 to the present.

**RESPONSE:** This request is objected to on the basis that it seeks irrelevant information and documents and the burden and expenses is outweighed by any benefit (i.e. zero).

REQUEST NO. 5: Consider this a request for production of copies of any and all registration cards or insurance cards for vehicles registered and insured by you, jointly or individually, from April 11, 2014 to the present.

**RESPONSE:** This request is objected to on the basis that it seeks irrelevant information and documents and the burden and expenses is outweighed by any benefit (i.e. zero).

REQUEST NO. 6: Consider this a request for production of copies of any and all written agreement(s) between you and Mary Jo Packineau. This request includes, but is not limited to, memorandums, notes, messages, letters, emails , contracts, agreements, etc.

**RESPONSE:** Other than my power of attorney, I do not believe I have any written agreements between Mary Jo and myself.

REQUEST NO. 7: Consider this a request for production of complete copies of any and all powers of attorney held by you as power of attorney for the Plaintiff.

**RESPONSE:** These documents have already been produced to you.

REQUEST NO. 8: Consider this a request for production of copies of all written reports prepared by any expert in relation to the subject matter of the above-entitled civil action.

**RESPONSE:** No determination has been made regarding expert witnesses.

REQUEST NO. 9: Consider this a request for production of copies of any report or other document(s) prepared by an expert in relation to the above-entitled civil action.

**RESPONSE:** No determination has been made regarding expert witnesses.

REQUEST NO. l0: Consider this a request for an accounting of all transactions for which you received the benefit from April 11, 2014 to the present.

**RESPONSE:** This request is objected to on the basis that it is overly broad, burdensome, excessively vague, requests documents that are not in Defendant's custody or control and is not sufficiently specific under Rule 34. Also see objections to Interrogatory No. 4 and 10.

**REQUEST NO. 11:** Please provide an accounting of all consideration that you provided Mary Jo Packineau in respect to any transaction for which you received the benefit from April 11, 2014 to the present.

**RESPONSE:** This request is objected to on the basis that it is overly broad, burdensome, excessively vague, requests documents that are not in Defendant's custody or control and is not sufficiently specific under Rule 34. Also see objections to Interrogatory No. 4 and 10.

REQUEST NO. 12: Please produce all financial statements for any financial account from April 11, 2014 to the present, including but not limited to statements from Dakota West Credit Union, USAA, Capital One, Venmo, and Capital Credit Union. Alternatively, you may execute and return the attached Authorizations for Release of Financial Information (Dakota West Credit Union, USAA, Capital One, Venmo, Capital Credit Union).

**RESPONSE:** This request is objected to on the basis that nothing in Rule 34 allows a party to demand the signing of authorizations. Instead, Rule 34 says a request "must describe with reasonable particularity each item or catego1y of items to be inspected" and "must specify a reasonable time, place, and manner for the inspection and for performing the related acts." Also see objection to Interrogatory No. 4.

REQUEST NO. 13: Produce a copy of all documents that you have received pursuant to any request, subpoena or authorization.

**RESPONSE:** None / not applicable.

(Doc. No. 52-2).

**C.    Analysis**

Sustayta's primary objection to Lockwood's interrogatories is specious.  "Under North Dakota law, a presumption of undue influence must be applied to any transaction between a trustee and the trustee's beneficiary in which the trustee gains an advantage."  In re Estate of Bartelson,

2015 ND 147, ¶16, 864 N.W.2d 441.  N.D.C.C. § 59–18–01.1, provides:

> A transaction between a trustee and the trust's beneficiary during the existence of the trust or while the influence acquired by the trustee remains by which the trustee obtains any advantage from the trust's beneficiary is presumed to be entered by the trust's beneficiary without sufficient consideration and under undue influence. This presumption is a rebuttable presumption.

"This presumption applies not only to transactions involving trustees, agents, and attorneys-in-fact, but also to all transactions involving confidential relationships."  In re Estate of Bartelson, 2015 ND 147, ¶16, 864 N.W.2d 441.  If the district court finds a confidential relationship, it must apply the presumption of undue influence to all benefits . . . gained on account of the relationship."  Id. at ¶ 16.

As an agent under an April 11, 2014, Power of Attorney, Sustayta has assumed the burden of developing a record to prove that any benefits that she accrued from Packineau from April 11, 2014, onward satisfy the requirements of state law.  Id at ¶ 19 (citing Mehus v. Mehus, 278 N.W.2d 625, 634 (N.D.1979) ("If [a fiduciary] is to receive the benefits from a good faith transaction with [the] principal or beneficiary, [the fiduciary] must also assume the burden of developing a record sufficient to satisfy the requirements of law. If [the fiduciary] fails to meet that burden, ... [the fiduciary] suffers the risk of losing the benefits of the transaction.") (alterations in original)).

With all of this in mind, Packineau's purported gifts or donations to Sustayta while Sustayta was acting on Packineau's behalf are relevant to the matters at issue in this case. Identification of the transactions initiated by Sustayta in Packineau's accounts and the transactions from which Sustayta benefitted financially or otherwise appears at first blush to either have relevance and otherwise lead to the discovery of relevant evidence.  Sustayta will have to overcome a presumption that these transactions were the result of undue influence and completed without sufficient consideration. Finally, information regarding Sustayta's sources of income during the relevant

period may also have some bearing on the issues of Sustayta's financial reliance or lack thereof on Packineau.

Given Sustayta's position of trust, the presumption of undue influence arising under state law, and the Federal Rules of Civil Procedure that allow for liberal discovery, the court is not persuaded that the information sought by Lockwood is outside the scope of discovery or otherwise unduly burdensome to obtain and produce.  Lockwood has made a threshold showing relevance. Sustayta on the other hand has not met her burden of showing that her objections are valid and Lockwood's requests are improper.  Consequently, the court shall require to Sustayta to supplement her responses to Lockwood's interrogatories and provide documents responsive to Lockwood's requests for production.

The court, in the exercise of its discretion, will not impose sanctions, however.   Sustayta may not have fully appreciated her responsibilities with respect to discovery.   In any event, Sustayta's resources are better spent in marshaling her responses to Lockwood's discovery requests.

## IV.   <u>CONCLUSION</u>

Lockwood's motion to compel (Doc. No. 50) is **GRANTED IN PART AND DENIED IN PART**.  Sustayta shall have until December 9, 2022, to supplement her responses to Lockwood's interrogatories and provide documents responsive to Lockwood's requests for production.  The court will not award sanctions.

**IT IS SO ORDERED.**

Dated this 7th day of November, 2022.

*/s/ Clare R. Hochhalter*
Clare R. Hochhalter, Magistrate Judge
United States District Court

12